UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KENNETH P. EVANS, an individual,

             Plaintiff,

v.

SHELLPOINT MORTGAGE SERVICES
aka NEWREZ, LLC, a Delaware
corporation; MTC FINANCIAL, dba
TRUSTEE CORPS, a California
Corporation; and THE BANK OF NEW
YORK MELLON fka THE BANK OF
NEW YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWABS, INC.,
ASSET-BACKED CERTIFICATES.
SERIES 2006-21,

             Defendants.

No.: 2:19-cv-00288-TOR

DEFENDANT TRUSTEE CORPS'
ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant MTC Financial, Inc., dba Trustee Corps ("Trustee Corps"), by

and through its attorney of record, Michael S. DeLeo of Peterson Russell Kelly PLLC, and

submits its Answer to Plaintiff's Verified Complaint for Injunctive & Declaratory Relief, to

Quiet Title, and for Damages ("Complaint").

**INTRODUCTION**

1.      Paragraph 1 consists of a legal argument and conclusion to which no answer is

required.  To the extent the paragraph includes factual averments, Trustee Corps denies them.

**JURISDICTION AND VENUE**

2.      Answering paragraphs 2 through 4 of the Complaint, Trustee Corps admits that

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 1
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

this Federal District Court has subject matter jurisdiction over this action, and that venue is proper in this Court. Trustee Corps further admits that a substantial part of the events giving rise to Plaintiff's claims occurred in Chelan County, and that the real property at issue here is situated in Chelan County. To the extent these paragraphs include other factual averments, Trustee Corps is without knowledge or information sufficient to form a belief as to their accuracy, and therefore denies them.

## PLAINTIFF

3.       Answering paragraph 5 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to Plaintiff's current residence, and accordingly denies the same.

## DEFENDANTS

4.       Answering paragraph 6 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and therefore denies the allegations contained in this paragraph.

5.       Answering paragraph 7 of the Complaint, Trustee Corps denies that MTC Financial Inc., is a California corporation. Trustee Corps admits that it conducts business in Chelan County, Washington.

6.       Answering paragraph 8 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and therefore denies the allegations contained in this paragraph.

## FACTS

7.       Answering paragraph 9 of the Complaint, Trustee Corps admits that its records indicate that Plaintiff owns the identified property but it is without knowledge or information sufficient to form a belief as to Plaintiff's current residence, and accordingly denies the allegation.

8.       Answering paragraph 10 of the Complaint, Trustee Corps admits that the paragraph accurately states the legal description of the property at issue in this lawsuit ("the

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 2
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

Property").

9.      Answering paragraph 11 of the Complaint, Trustee Corps admits that based on the records available to it Plaintiff is the fee owner of the Property. Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy as to any remaining allegation, and accordingly denies.

10.     Answering paragraph 12 of the Complaint, Trustee Corps states that the Deed of Trust recorded in Chelan County under No. 2245746 speaks for itself (the "Deed of Trust"). Trustee Corps denies any of Plaintiff's allegations that are inconsistent with the Deed of Trust.

11.     Answering paragraph 13 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

12.     Answering paragraph 14 of the Complaint, Trustee Corps states that the copy of the Notice of Trustee Sale (the "2010 Notice") attached as Exhibit A to the Complaint does not appear to be complete. Accordingly, Trustee Corps denies the allegations contained in this paragraph.

13.     Answering paragraph 15 of the Complaint, Trustee Corps states that the referenced language is not included in the 2010 Notice attached to the Complaint and it therefore denies the allegation.

14.     Paragraph 16 of the Complaint consists of a legal conclusion to which no answer is required. To the extent the paragraph may require an answer, the allegation is denied.

15.     Answering paragraph 17 of the Complaint, Trustee Corps admits that, absent cancelation, continuance, or other factors, the incomplete copy of the 2010 Notice attached to the Complaint as Exhibit A appears to set a foreclosure sale date of September 3, 2010.

16.     Answering paragraph 18 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

17.     Answering paragraph 19 of the Complaint, Trustee Corps states that the copy of

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 3
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

the Notice of Trustee Sale (the "2011 Notice") attached as Exhibit B to the Complaint does not appear to be complete. Accordingly, Trustee Corps denies the allegations contained in this paragraph.

18.     Answering paragraph 20 of the Complaint, Trustee Corps again states that the 2011 Notice is incomplete and by way of further answer states that it is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

19.     Paragraph 21 of the Complaint assumes facts not in evidence, and further consists of a legal conclusion to which no answer is required. To the extent the paragraph may be deemed to include allegations requiring a response, Trustee Corps denies them.

20.     Answering paragraph 22 of the Complaint, Trustee Corps admits that, absent cancelation, continuance, or other factors, the incomplete copy of the 2011 Notice attached to the Complaint as Exhibit B appears to set a foreclosure sale date of May 6, 2011.

21.     Answering paragraph 23 of the Complaint, Trustee Corps states that the allegation is not a factual allegation to which a response should be required. To the extent a response may be required to this paragraph, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

22.     Answering paragraph 24 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

23.     Answering paragraph 25 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

24.     Answering paragraph 26 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 4
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

25. Answering paragraph 27 of the Complaint, Trustee Corps admits that Plaintiff has attached what appears to be a true and correct copy of a Notice of Discontinuance of Trustee Sale ("Notice of Discontinuance") as Exhibit C to his Complaint. The Notice of Discontinuance speaks for itself. Trustee Corps denies any allegations in this paragraph inconsistent with the Notice of Discontinuance.

26. Paragraph 28 of the Complaint consists of a legal conclusion to which no answer is required. To the extent the paragraph may be deemed to contain factual allegations, Trustee Corps denies them.

27. Paragraph 29 of the Complaint consists of a legal conclusion to which no answer is required. To the extent the paragraph may be deemed to require an answer, Trustee Corps admits that Plaintiff has attached what appears to be a true and correct copy of a Notice of Intent to Accelerate and Foreclose ("Notice of Intent") as Exhibit D to his Complaint. The Notice of Intent speaks for itself. Trustee Corps denies any allegations in this paragraph inconsistent with the Notice of Discontinuance and any further denies any remaining allegations not admitted.

28. Answering paragraph 30 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph.

29. Answering paragraph 31 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to its accuracy, and accordingly denies the allegations contained in this paragraph. Trustee Corps further denies that any answer is required to the legal conclusions stated in this paragraph.

30. Answering paragraph 32 of the Complaint, Trustee Corps admits that Plaintiff has attached what appears to be a true and correct copy of a Notice of Trustee's Sale (the "2019 Notice") as Exhibit E to his Complaint. The 2019 Notice speaks for itself. Trustee Corps denies any allegations in this paragraph inconsistent with the 2019 Notice. Trustee Corps further denies that any answer is required to the legal conclusions stated in this paragraph.

31. Paragraph 33 of the Complaint consists of a legal conclusion to which no answer

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 5
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714

is required.  To the extent the paragraph may be deemed to contain factual allegations, Trustee Corps denies them.

32.    Paragraph 34 of the Complaint consists of a legal conclusion to which no answer is required.  To the extent the paragraph may be deemed to contain factual allegations, Trustee Corps denies them.

33.    Paragraph 35 of the Complaint consists of a legal conclusion to which no answer is required.  To the extent the paragraph may be deemed to contain factual allegations, Trustee Corps denies them.

34.    Answering paragraphs 36 and 37 of the Complaint, Trustee Corps admits that Exhibit F appears to attach a copy of a letter from a former counsel for Plaintiff to Shellpoint Mortgage Servicing, dated April 6, 2017. Trustee Corps is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in these paragraphs, and therefore denies them.

35.    Answering paragraph 38 of the Complaint, Trustee Corps admits that Exhibit G appears to attach a copy of a letter from a former counsel for Plaintiff to Shellpoint Mortgage Servicing, dated May 18, 2017.  Trustee Corps is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

36.    Answering paragraph 39 of the Complaint, Trustee Corps is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

37.    Trustee Corps denies all allegations to which a response is required and which were not specifically admitted.

### FIRST CAUSE OF ACTION – INJUNCTIVE RELIEF

38.    Answering paragraph 40 of the Complaint, Trustee Corps re-alleges its answers as given in the preceding paragraphs.

39.    Paragraphs 41, 42, and 43 of the Complaint consists of legal conclusions and a

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 6
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

request for relief to which no answer is required.  To the extent the paragraphs are deemed to require a response, Trustee Corps denies the allegations and denies that Plaintiff is entitled to the relief requested, or any relief.

### SECOND CAUSE OF ACTION – DECLARATORY RELIEF

40.     Answering paragraph 44 of the Complaint, Trustee Corps re-alleges its answers as given in the preceding paragraphs.

41.     Answering paragraph 45 of the Complaint, Trustee Corps admits that Plaintiff is an "interested person" under, or is otherwise a person whose rights, status, or other legal relations are affected by, the documents listed in this paragraph.

42.     Answering paragraphs 46 through 49 of the Complaint, they consist of requests for relief.  Trustee Corps denies that Plaintiff is entitled to the relief requested, or any relief.

43.      Paragraph 50 of the Complaint consists of a legal conclusion to which no answer is required.    To the extent the paragraph is deemed to require an answer, Trustee Corps denies.

44.     Answering Paragraph 51 of the Complaint, Trustee Corps denies the allegations contained therein.

### THIRD CAUSE OF ACTION – VIOLATIONS OF THE FORECLOSURE FAIRNESS ACT

45.     Answering paragraph 52 of the Complaint, Trustee Corps re-alleges its answers as given in the preceding paragraphs.

46.     Answering paragraph 53 of the Complaint, Trustee Corps notes that it apparently mistakenly makes an allegation of wrongdoing by Plaintiff.  If the paragraph is deemed to make allegations about Trustee Corps, Trustee Corps denies those allegations.

47.     Paragraphs 54, 55, and 56 of the Complaint consist of legal conclusions to which no answer is required.   To the extent an answer is required, Trustee Corps responds that RCW 61.24.040 speaks for itself, and by way of further answer Trustee Corps denies all allegations not specifically admitted.

48.     Answering paragraph 57 of the Complaint, Trustee Corps states that the

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 7
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

application of the statute of limitations and tolling issues related to this case are disputed between the Plaintiff and co-defendant and, therefore, Trustee Corps is without sufficient information and denies the allegations.

49.     Answering paragraph 58 of the Complaint, Trustee Corps asserts that the allegation is not, or should not be directed to it and, therefore, no response should be required. To the extent a response is required, Trustee Corps denies the allegations contained therein.

50.     Paragraph 59 of the Complaint states a claim for relief for which no response should be required.  To the extent a response is required, Trustee Corps denies that Plaintiff is entitled to the relief requested.

### FOURTH CAUSE OF ACTION – CONSUMER PROTECTION ACT

51.     Answering paragraph 60 of the Complaint, Trustee Corps re-alleges its answers as given in the preceding paragraphs.

52.     Paragraph 61 of the Complaint sets forth conclusions of law to which no response should be required.  To the extent a response is required, Trustee Corps denies that it violated the Washington's Consumer Protection Act and, therefore, to the extent the paragraph makes allegations against Trustee Corps, Trustee Corps denies them.

53.     Answering paragraph 62 of the Complaint, Trustee Corps asserts that the allegation is not, or should not be directed to it and, therefore, no response should be required from it.  To the extent the paragraph can be deemed to make any factual allegations against Trustee Corps, Trustee Corps denies them.

54.     Paragraphs 63, 64, and 65 of the Complaint, set forth legal conclusions and therefore no response should be required.  Trustee Corps states that to the extent the paragraphs make allegations about its co-defendants, Trustee Corps lacks information and knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies them.

55.     Paragraph 66 does not contain any factual allegation concerning defendants, and therefore no answer is required.

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

## FIFTH CAUSE OF ACTION – CIVIL CONSPIRACY

56.     Answering paragraph 67 of the Complaint, Trustee Corps re-alleges its answers as given in the preceding paragraphs.

57.     Paragraphs 68 and 69 of the Complaint state legal conclusions to which no answer is required.  To the extent the paragraphs can be deemed to make any factual allegations against Trustee Corps, Trustee Corps denies those allegations.

## SIXTH CAUSE OF ACTION – QUIET TITLE

58.     Answering paragraph 70 of the Complaint, Trustee Corps re-alleges its answers as given in the preceding paragraphs.

59.     Answering paragraph 71 of the Complaint, Trustee Corps admits that, based on the information available to it, Plaintiff is the fee owner of the Property.  Trustee Corps lacks information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies them.

60.     Paragraph 72 of the Complaint states a claim for relief and is not or should not be directed to Trustee Corps.    To the extent the paragraph could be construed to require a response form Trustee Corps, it denies that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

The remainder of the Plaintiff's Complaint consists of a prayer for relief.  Trustee Corps denies that Plaintiff is entitled to any relief against Trustee Corps.  All paragraphs of the Complaint not expressly admitted herein are hereby denied.  Trustee Corps reserves the right to amend its answer and affirmative defenses.

## TRUSTEE CORPS' ADDITIONAL ANSWER AND AFFIRMATIVE DEFENSES

By way of further answer or as affirmative defenses against Plaintiff, Trustee Corps alleges as follows:

1.     Plaintiff's claims against Trustee Corps may be barred in whole or in part because Plaintiff fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims against Trustee Corps may be barred in whole or in part under the

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 9
CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700  FAX (425) 451-0714

doctrines of waiver, laches, estoppel, and/or unclean hands.

3. Plaintiff's claims against Trustee Corps may be barred in whole or in part because Plaintiff has failed to suffer any damages proximately caused by Trustee Corps.

4. Plaintiff's alleged damages, if any, are the result of his own fault, or the fault of another, for which Trustee Corps has no liability.

5. Plaintiff's claims against Trustee Corps may be barred in whole or in part because Plaintiff failed to mitigate his damages, if any.

6. Plaintiff does not have a cognizable claim for damages against Trustee Corps because Trustee Corps has not breached any duty with regard to its role as trustee on the deed of trust for the real property at issue.

7. Plaintiff's claim is barred in whole or in part because Trustee Corp has not violated any aspect of Washington's Deed of Trust Act.

8. Trustee Corps reserves it rights to seek dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12, including 12(b)(6) and / or 12(c), and to join in any motion to dismiss or motion for summary judgment.

## I.    TRUSTEE CORPS' PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, Trustee Corps requests the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and that they take nothing thereby;

2. That Trustee Corps be awarded its attorney's fees and costs as allowed by law including Rule 11 of this Court; and

3. Such other relief as the Court deems just and equitable.

DATED:  October 10, 2019.

PETERSON RUSSELL KELLY, PLLC

By: /s/ Michael S. DeLeo
Michael S. DeLeo, WSBA # 22037
mdeleo@prklaw.com

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 10
CASE NO. 2:19-CV-00288-TOR

**PETERSON RUSSELL KELLY PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
TELEPHONE (425) 462-4700  FAX (425) 451-0714

Peterson Russell Kelly PLLC
10900 NE Fourth Street, Suite 1850
Bellevue, WA 98004
Tel: (425) 462-4700
Attorneys for Defendant MTC Financial Inc.,
d/b/a Trustee Corps

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 11

CASE NO. 2:19-CV-00288-TOR

## CERTIFICATE OF SERVICE

I certify that I caused to be served in the manner noted below a copy of the foregoing pleading on the following individual(s):

Emanuel F. Jacobowitz                            [ ]    Via Facsimile
Nathan J. Arnold                                 [ ]    Via First Class Mail
Cloutier Arnold Ortega PLLC                  [ ]    Via Messenger
2701 First Avenue, Suite 200                 [ ]    Via Email
Seattle, WA 98121                           [X]    Via CM/ECF Electronic Notice
Email: manny@caoteam.com;
nathan@caoteam.com

Joseph T. McCormick , III                   [ ]    Via Facsimile
Joshua S. Schaer                               [ ]    Via First Class Mail
Wright Finlay & Zak LLP - SEA             [ ]    Via Messenger
3600 15th Avenue West. Suite 202         [ ]    Via Email
Seattle, WA 98119                           [X]    Via CM/ECF Electronic Notice
Email: jmccormick@wrightlegal.net;
jschear@wrightlegal.net

DATED:  October 10, 2019, at Bellevue, Washington.

By: /s/ Rachel White
       Rachel White, Paralegal

DEFENDANT TRUSTEE CORPS' ANSWER AND
AFFIRMATIVE DEFENSES - 12

CASE NO. 2:19-CV-00288-TOR

PETERSON RUSSELL KELLY PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
TELEPHONE (425) 462-4700 FAX (425) 451-0714