Joseph T. McCormick III
Wright Finlay & Zak, LLP
612 S. Lucile Street, Ste. 300
Seattle, WA 98108
(415) 230-4350
jmccormick@wrightlegal.net

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH R. EVANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHELLPOINT MORTGAGE SERVICES aka NEWREZ, LLC, a Delaware Corporation; MTC FINANCIAL, dba TRUSTEE CORPS, a California Corporation; and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-21,<br><br>　　　　Defendants. | Case No.: 2:19-cv-00288-TOR<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING AND THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-21** |

Defendants, Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") and the Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series

**ANSWER** - Page 1

2006-21 ("BONY Trust") (collectively, "Defendants") hereby answer Plaintiff's Complaint as follows:

## INTRODUCTION

1. Admitted in part and denied in part. Admitted that a trustee's foreclosure proceeding has commenced. Denied that the statute of limitations has run.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

4. Admitted that the action is pending in Chelan county pursuant to statute. Denied that the action is "proper."

## PLAINTIFF

5. Defendants are without knowledge and therefore deny same.

## DEFENDANTS

6. Shellpoint denies that it is a Delaware corporation but admits that it conducts business in Chelan County, WA.

7. Defendants are without knowledge and therefore deny same.

8. BONY Trust denies that it is a New York corporation but admits that it conducts business in Chelan County, WA.

## FACTS

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

9. Defendants admit that Plaintiff appears to own the property in question. Defendants are without knowledge as to Plaintiff's residence and therefore deny same.

10. Admitted.

11. Defendants admit to the extent that the public record appears to reflect a conveyance of the subject property purporting to grant a fee simple estate to Plaintiff and is aware of no subsequent conveyances. Defendants are otherwise without knowledge and therefore deny same.

12. Admitted, except that the Deed of Trust Beneficiary was named as Mortgage Electronic Registration Systems, Inc., as nominee for the Lender, identified as Countrywide Home Loans, Inc.

13. Defendants admit the issuance of a notice of default but are without knowledge and therefore deny as to the remainder.

14. Defendants admit that a Notice of Trustee's Sale was recorded on the date and under the instrument number indicated. Deny that a complete, true, correct copy is attached to Plaintiff's Complaint as only the first page of the exhibit was served upon Defendants.

15. Admitted to the extent that the document recorded under the indicated instrument number stated a due date of August 23, 2010, to cure the arrearage in order to halt the sale.

16. This allegation consists of a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny and further note that the allegation assumes an incorrect legal standard.

17. Admitted.

18. Admitted.

19. Defendants admit that a Notice of Trustee's Sale was recorded on the date and under the instrument number indicated. Deny that a complete, true, correct copy is attached to Plaintiff's Complaint as only the first page of the exhibit was served upon Defendants.

20. Admitted to the extent that the document recorded under the indicated instrument number stated a due date of April 25, 2011, to cure the arrearage in order to halt the sale.

21. This allegation consists of a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny and further note that the allegation assumes an incorrect legal standard.

22. Admitted.

23. Denied.

24. Admitted.

25. Admitted.

26. Admitted.

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

27. Admitted.

28. This allegation consists of a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit only to the extent that termination of the trustee's sale proceeding terminated any tolling that occurred on that basis alone, but is without knowledge regarding other tolling events and denies.

29. Admitted that the letter dated April 9, 2013, attached as Exhibit D to the Complaint, asserted notice of intent to accelerate. Denied as to Plaintiff's characterization of the effect on acceleration. Denied as to Plaintiff's assertion that the loan had been accelerated.

30. Defendants are without knowledge and therefore deny same.

31. Defendants deny the stated impact of rejection of partial payment. Without knowledge as to the balance and therefore also denied.

32. Admitted.

33. This allegation contains a legal conclusion to which no response is required.

34. Denied.

35. Denied.

36. Defendants are without knowledge and therefore deny.

37. Admitted that the document attached as Exhibit F appears to reflect the allegation asserted. Defendants are otherwise without knowledge and therefore deny same.

38. Admitted that the document attached as Exhibit G appears to reflect the allegation asserted. Admitted as to receipt of the same. Denied that the request was "ignored." Defendants are otherwise without knowledge and therefore deny same.

39. Admitted that a Notice of Default was generated on the date indicated. Without knowledge and therefore denied as to the remainder.

## FIRST CAUSE OF ACTION
## INJUNCTIVE RELIEF

40. Defendants re-allege their previous responses and incorporate the same by reference herein.

41. This allegation contains a legal conclusion to which no response is required. To the extent to which a response is required, Defendants deny.

42. This allegation contains a legal conclusion to which no response is required. To the extent to which a response is required, Defendants deny.

43. Defendants deny that Plaintiff is entitled to the relief requested.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF

44. Defendants re-allege their previous responses and incorporate the same by reference herein.

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

45. This allegation contains a legal conclusion to which no response is required.

46. This allegation contains a legal conclusion to which no response is required. To the extent to which a response is required, Defendants deny.

47. Defendants deny that Plaintiff is entitled to the relief requested.

48. Defendants deny that Plaintiff is entitled to the relief requested.

49. Defendants deny that Plaintiff is entitled to the relief requested.

50. Defendants deny that Plaintiff is entitled to the relief requested.

51. Denied.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FORECLOSURE FAIRNESS ACT

52. Defendants re-allege their previous responses and incorporate the same by reference herein.

53. Denied.

54. This allegation contains a legal conclusion to which no response is required. To the extent to which a response is required, Defendants deny.

55. Denied.

56. This allegation contains a legal conclusion to which no response is required.

57. Denied.

58. Denied.

59. This allegation contains a legal conclusion to which no response is required. To the extent to which a response is required, Defendants deny.

## FOURTH CAUSE OF ACTION
## CONSUMER PROTECTION ACT

60. Defendants re-allege their previous responses and incorporate the same by reference herein.

61. Denied.

62. This allegation contains a legal conclusion to which no response is required.

63. This allegation contains a legal conclusion to which no response is required. To the extent to which a response is required, Defendants deny.

64. Denied.

65. Defendants deny that Plaintiff is entitled to the relief requested.

66. Defendants are without knowledge and therefore deny same.

## FIFTH CAUSE OF ACTION
## CIVIL CONSPIRACY

67. Defendants re-allege their previous responses and incorporate the same by reference herein.

68. Denied.

69. Denied.

//

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

## SIXTH CAUSE OF ACTION
## QUIET TITLE

70. Defendants re-allege their previous responses and incorporate the same by reference herein.

71. Defendants are without knowledge and therefore deny same.

72. Defendants deny.

All allegations not specifically and expressly addressed above are hereby otherwise denied.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, Defendants state as follows:

1. Plaintiff failed to state a claim upon which relief may be granted.

2. Plaintiff, by his conduct, waived and/or is estopped from asserting or pursuing claims against Defendants.

3. The Plaintiff proximately and solely caused any damages allegedly sustained and accordingly, any judgment to which the Plaintiff would otherwise be entitled should be reduced or barred as a result.

4. Plaintiff failed to mitigate his own damages, if any are proven at trial.

5. The Plaintiff's damages, if any, are the fault of third parties over whom Defendants had no control or right of control.

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

6. Plaintiff's damages, if any, are not actual because the Plaintiff voluntarily, knowingly, and expressly consented to the situation that allegedly caused them harm.

7. The Plaintiff's damages, if any, are the result of their comparative negligence or fault and are to be apportioned according to the relevant fault of the parties.

8. Pending further discovery, the Plaintiffs' claims may be, and it is therefore alleged, barred in whole or in part by defenses of laches, estoppel, release, waiver, accord and satisfaction, ratification, acquiescence, bad faith and/or unclean hands, and other equitable defenses.

9. Defendants' acts and any omissions with respect to the Plaintiff were at all times in good faith, for good cause, and without intent to wrongfully deprive the Plaintiff of any benefits or favorable terms.

10. Defendants reserve the right to assert any additional defenses or affirmative defenses pending further discovery, and nothing contained herein should be construed as a waiver of any such additional defenses.

## XII.  DEFENDANTS' REQUEST FOR RELIEF

Based on the foregoing, Defendants request the following relief:

1. That this Court deny the relief Plaintiff's request for an injunction;

2. A judgment in its favor and against Plaintiffs, dismissing Plaintiffs' claims in their entirety with prejudice

3. An award of attorney's fees pursuant to the Note and Deed of Trust, FRCP 11, or any other legal or equitable basis; and

4. Any other such relief this Court deems just and equitable.

Dated: October 17, 2019  **WRIGHT, FINLAY & ZAK, LLP**

*/s/Joseph T. McCormick* _____
Joseph T. McCormick III, WSBA #48883
Attorneys for Shellpoint and BONY Trust

# CERTIFICATE OF SERVICE

I, Karina Khamidullina, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct: I am employed with the law firm of Wright, Finlay and Zak, LLP, I am a resident of the State of Washington, over the age of 18 years old, not a party to this action, and am competent to be a witness herein.

I hereby certify that on the date stated below, I served the Answer and Affirmative Defenses upon the following:

[X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

    Nathan J. Arnold: nathan@caoteam.com
    Emanuel Jacobowitz: manny@caoteam.com
    Cloutier, Arnold, Ortega, PLLC
    *Attorneys for Plaintiff*

    Michael S. DeLeo: mdeleo@prklaw.com
    Peterson Russell Kelly, PLLC
    *Attorneys for Defendant MTC Financial Inc. d/b/a Trustee Corps*

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on October 17, 2019, at Seattle, WA.

                                                  */s/Karina Khamidullina*
                                                  Karina Khamidullina