Nathan J. Arnold, WSBA No. 45356
Cloutier Arnold Jacobowitz, PLLC
2701 First Ave., Ste. 200
Seattle, WA 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 799-4221
Nathan@CAJLawyers.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| KENNETH R. EVANS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICES aka NEWREZ, LLC, a Delaware corporation; MTC FINANCIAL, dba TRUSTEE CORPS, a California Corporation; and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-21.<br><br>Defendants. | Case No. 2:19-cv-00288-TOR<br><br>**MOTION FOR PRELIMINARY INJUNCTION OF TRUSTEE'S SALE**<br><br>**12/6/2019**<br>**With Oral Argument: 9:00 a.m.** |

## I. **INTRODUCTION**

Despite the Statute of Limitations having run, Plaintiff, Kenneth R. Evans ("Evans"), is threatened, for the fourth time, with the imminent loss of his home. Mr.

MOTION FOR PRELIMINARY INJUNCTION OF
TRUSTEE'S SALE- 1

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

Evans brings this action to enjoin this latest trustee's sale, scheduled for December 13, 2019, to prevent irreparable harm, while the Court determines the party's respective rights.

## II. **STATEMENT OF FACTS**

Kenneth Evans lives at 155 Washington Street in Manson, Washington, which he owns in fee simple, since December 2006. Verified Complaint ¶ 9. Evans was first threatened with the loss of his home during the Countrywide mortgage crisis of 2008, by Notice of Default which Evans' was led to believe he cured. *Id*. ¶ 13. On June 3, 2010 a Notice of Trustee Sale (the "2010 Notice") was recorded against Evans' home. Verified Complaint Exhibit A, recorded with Chelan County at AFN Instrument No. 2324292. *Id*. ¶ 14. The 2010 Notice set a foreclosure sale date of September 3, 2010 and stated the loan could not be reinstated after August 23, 2010. *Id*. ¶ 15 & 17. The September 2010 foreclosure sale did not occur. *Id*. ¶ 18.

Six months after the first foreclosure sale was to take place, on February 2, 2011, a new Notice of Trustee Sale (the "2011 Notice") was recorded against Evans' home. Verified Complaint Exhibit B, recorded with Chelan County at Instrument No. 2337809. *Id*. ¶ 19. With like language, the 2011 Notice stated that reinstatement could not be had after April 20, 2011 and set a foreclosure sale date of May 6, 2011. *Id*. ¶ 20 & 22. *Id*. Plaintiff Evans brought a case in Chelan County (removed to federal court)

MOTION FOR PRELIMINARY INJUNCTION OF
TRUSTEE'S SALE- 2

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

after the reinstatement cutoff date to restrain the sale, and the May 6, 2011 sale did not occur. ¶ 24–26. Instead, on September 20, 2011 a Notice of Discontinuance of Trustee Sale was recorded with the County. Verified Complaint Exhibit C, recorded with Chelan County at Instrument No. 2349367. *Id.* ¶ 27.

More than six years went by, and on April 23, 2019, another Notice of Trustee Sale was recorded, naming the current beneficiary as "The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2006-21," the current trustee as "MRC Financial Inc., dba Trustee Corps," and the current servicer as "NewRez LLC KA New Penn Financial, LLC DBA Shellpoint Mortgage Servicing," (the "2019 Notice"). Verified Complaint Exhibit D, recorded with Chelan County at Instrument No. 2494919. *Id.* ¶ 29.

Mr. Evans filed this case and moved to restrain the sale in Chelan County Superior Court. (Dkt. No. 1-1). The motion was not heard, because Defendants voluntarily rescheduled the sale and removed the case to this Court. (Dkt. No. 1); Declaration of Nathan J. Arnold ¶ 2, filed herewith. The new sale date noticed by Defendants is December 14, 2019. Declaration of Nathan J. Arnold ¶ 3 & Exh. A. The monthly premium allegedly due on the note is $3,805.02. *Id.* ¶ 3 & Exh. B.

### III. STATEMENT OF THE ISSUES

Should a non-judicial foreclosure take place where the applicable Statute of

MOTION FOR PRELIMINARY INJUNCTION OF TRUSTEE'S SALE- 3

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

Limitation has run? *No.*

## IV. EVIDENCE RELIED UPON

This motion relies upon the Verified Complaint filed in this matter and exhibits thereto, and the Declaration of Nathan J. Arnold filed herewith.

## V. ARGUMENT

*A. Standards for Injunction*

Washington law provides for an injunction where a party has (1) a clear legal and equitable right; (2) a well-grounded fear of immediate invasion of that right; and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him. RCW 7.40.020; *Kucera v. Dep't of Transportation*, 140 Wash.2d 200, 209-210, 995 P.2d 63 (2000). It is well-established in Washington law that the appropriate way, and often the only way, to raise objections to a serious flaw in non-judicial foreclosure proceedings, is by a lawsuit and motion to restrain the sale, filed before the sale. *Brown v. Household Realty Corp.*, 146 Wash. App. 157, 164, 189 P.3d 233 (2008) (objections waived because no attempt to restrain sale); *see* RCW 61.24.127 (certain claims for damages not waived). A homeowner threatened with an improper trustee's sale, such as Mr. Evans, meets all three requirements for an injunction: he has clear legal rights in his home; his rights of possession and quiet enjoyment are imminently endangered by the impending sale; and the wrongful sale would result in

MOTION FOR PRELIMINARY INJUNCTION OF
TRUSTEE'S SALE- 4

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

actual and substantial injury in that he would lose his home.

Federal procedure, similarly, allows the Court to issue an injunction when a plaintiff shows "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). These factors may be considered on a "sliding scale," so that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

Generally speaking, the "irreparable harm" and "balance of hardship" factors are met when a residential homeowner seeks to enjoin foreclosure of his home. For example, this Court's sister court noted that:

> failure to issue an injunction will result in the sale of plaintiff's home, a loss that would be irreparable and would not be adequately compensated through an award of money damages. The balance of hardships tips decidedly in favor of issuing an injunction: defendants' financial interests can be adequately protected by requiring payments on the loan while this matter is pending, whereas plaintiff's interests would be substantially destroyed if the

MOTION FOR PRELIMINARY INJUNCTION OF
TRUSTEE'S SALE- 5

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

foreclosure sale were to proceed.

*McDonald v. OneWest Bank, FSB*, C10-1952RSL, 2011 WL 252733, at *3 (W.D. Wash. Jan. 25, 2011). Because a lawsuit for an injunction is the only practical way to prevent abuses by institutional servicers and debt collectors of the otherwise-non-judicial foreclosure process, the public interest tends to be best served by an injunction in such cases. *Id.* ("the public interest supports a measured and substantive evaluation of the legal impact of defendants' business practices.")

Thus, the only real variable in such cases is the homeowner's likelihood of success on the merits, or as the *Cottrell* panel put it, whether he raises a serious question going to the merits of the case. Here, Mr. Evans raises at least the following serious questions on the merits.

*B. The Statute of Limitations Has Run*

The statute of limitations to enforce a promissory note is six years. RCW 4.16.040(1). Although the statute of limitation can run separately on each installment of an installment note, the statute runs on the entire note upon acceleration. *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wash. App. 423, 434-35, 382 P.3d 1 (2016) Here, the 2011 Notice's express disallowance of reinstatement and demand for the entire alleged balance of principal, interest, and charges on the note constituted an acceleration of the debt, as of no later than April 26, 2011 (if not August 23, 2010, based

MOTION FOR PRELIMINARY INJUNCTION OF
TRUSTEE'S SALE- 6

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

on the 2010 Notice), the date upon which, according to the notice, the note could not be reinstated and Defendants' alleged predecessors in interest claimed an immediate right to the entire balance. Verified Complaint ¶¶ 16, 21; *and see Wash. Fed., N.A. v. Azure Chelan LLC*, 195 Wash. App. 644, 664, 382 P.3d 20, 30 (2016) (debt accelerated by Notice of Default, despite possibility of reinstatement); *but see U.S. Bank N.A. as Tr. of Holders of Adjustable Rate Mortgage Tr. 2007-2 v. Ukpoma*, 8 Wash. App. 2d 254, 438 P.3d 141, 144–45 (2019) (opposite result on same language).[1]  Even assuming, *arguendo*, that the Statute of Limitations may have been tolled during the pendency of the 2011 non-judicial foreclosure proceedings, it began to run again no later than September 20, 2011, when the Discontinuance of Sale was recorded, ending the non-judicial foreclosure process.  From that Discontinuance of Sale date until the April 23, 2019 Notice, was more than six years. Verified Complaint Exhs. C, E.

At minimum, all installments and charges allegedly more than six years overdue are barred by the statute of limitations, rendering the 2019 Notice greatly inflated and defective.

*C. Independent of Statute of Limitations, Defendants Impermissibly Sat on Any Rights.*

---

[1] The latter case is confusing, not least because it fails to even address the contrary precedent in the same court, even though the panel split on this issue.  But neither of these cases addressed acceleration by the expiration of the reinstatement period set by a Notice of Trustee's Sale.

MOTION FOR PRELIMINARY INJUNCTION OF TRUSTEE'S SALE- 7

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

Laches consists of two elements: (1) inexcusable delay and (2) prejudice to the other party from such delay. *Clark County Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wash.2d 840, 991 P.2d 1161, 1166 (Wash. 2000).

Mr. Evans has been threatened with the loss of his home since as early as 2008. Verified Complaint ¶ 13. Mr. Evans believed he has reached an accord and cured that earlier default in 2008. *Id*. But Defendants' alleged predecessors in interest renewed their efforts to foreclose two years later, false started, resumed another year later, false started again, and then sat on their rights until a total of eleven (11) years after 2008. Mr. Evans could have done any number of things, including refinancing or disposing of the property and finding a new home, during that time period.

*D. The Notice is Defective under the Foreclosure Fairness Act*

Defendant Shellpoint refused the request by Mr. Evans' counsel to conduct a meeting to compromise under the Foreclosure Fairness Act, required by RCW 61.24.031. Verified Complaint ¶¶ 36–38. The sale should be enjoined, at minimum, until such time as Defendants satisfy that statute.

At minimum, the Statute of Limitations has unquestionably run on any installment due six years prior to the 2019 Notice. The 2019 Notice is therefore defective for overstating the reinstatement amount, required to be stated accurately by RCW 61.24.040(1)(f). The sale should be enjoined until, at minimum, such time that

MOTION FOR PRELIMINARY INJUNCTION OF TRUSTEE'S SALE- 8

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

Defendants provide notice of the actual amount required for Mr. Evans to reinstate his loan and preserve his home.

*E. Under Statute, Bond should be Set at Monthly Mortgage Premium*

Defendants noticed the non-judicial foreclosure sale under the Washington Deed of Trust Act, RCW ch. 61.24. Under that statute, when a foreclosure sale is preliminarily enjoined:

> The court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed:
> (a) In the case of default in making the periodic payment of principal, interest, and reserves, such sums shall be the periodic payment of principal, interest, and reserves paid to the clerk of the court every thirty days.
> (b) In the case of default in making payment of an obligation then fully payable by its terms, such sums shall be the amount of interest accruing monthly on said obligation at the nondefault rate, paid to the clerk of the court every thirty days.

RCW § 61.24.130(1). Although Mr. Evans denies that either of these should apply, the note having long ago been accelerated and gone stale, Defendants' notice of sale is premised on the belief that he is in default of periodic payments. The purpose of an injunction bond is to potentially compensate the restrained party for its loss should the injunction turn out upon final adjudication to have been unjustly imposed. *Mellon v. Reg'l Tr. Servs. Corp.*, 182 Wash. App. 476, 498, 334 P.3d 1120, 1130 (2014).

MOTION FOR PRELIMINARY INJUNCTION OF
TRUSTEE'S SALE- 9

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

Therefore, the appropriate bond is the monthly premium supposedly due on the note, $3,805.92 per month to be paid into the registry of the Court during the pendency of this action.

## VI. CONCLUSION

Because the limitations period has run, and for the other reasons set forth above, the Court should enjoin the sale of Mr. Evans' home at least until the parties' rights can be fully adjudicated, to avoid irreparable harm.

**DATED** this 5th day of November 2019.

**CLOUTIER ARNOLD JACOBOWITZ, PLLC**

 /s/ Nathan J. Arnold
Nathan J. Arnold WSBA No. 45356
Emanuel Jacobowitz, WSBA No. 39991
Cloutier Arnold Jacobowitz, PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 866-3230; Fax (206) 866-3244
Nathan@CAJLawyers.com
*Counsel for Plaintiff*

MOTION FOR PRELIMINARY INJUNCTION OF TRUSTEE'S SALE- 10

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

# CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF, including the following:

Joseph T McCormick, III
jmccormick@wrightlegal.net

Michael DeLeo
mdeleo@prklaw.com

EXECUTED this 5th day of November 2019 at Seattle, Washington.

 /s/Nathan J. Arnold
Nathan J. Arnold, WSBA #45356

MOTION FOR PRELIMINARY INJUNCTION OF TRUSTEE'S SALE- 11

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230