Joseph T. McCormick III
Wright Finlay & Zak, LLP
612 S. Lucile Street, Ste. 300
Seattle, WA 98108
(415) 230-4350
jmccormick@wrightlegal.net

Honorable Thomas O. Rice
Hearing: December 6, 2019

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

KENNETH R. EVANS,

      Plaintiff,

      v.

SHELLPOINT MORTGAGE
SERVICES aka NEWREZ, LLC, a
Delaware Corporation; MTC
FINANCIAL, dba TRUSTEE
CORPS, a California Corporation; and
THE BANK OF NEW YORK
MELLON FKA THE BANK OF
NEW YORK AS TRUSTEE FOR
THE CERTIFICATEHOLDERS
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-21,

      Defendants.

Case No.: 2:19-cv-00288-TOR

**RESPONSE IN OPPOSITION TO
MOTION FOR TEMPORARY
RESTRAINING ORDER**

Defendants, Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") and the Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series

**RESPONSE TO MOTION FOR
INJUNCTION** - Page 1

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

2006-21 ("BONY Trust") (collectively, "Defendants") hereby respond in opposition to Plaintiff's Motion for Temporary Restraining Order.

## I.    RELEVANT FACTS

In December 2006, Plaintiff obtained a $397,500.00 mortgage loan, and secured its repayment with a deed of trust encumbering real property at 155 Washington St., Manson, WA. *See* Compl., ¶ 12, Ex. E (Deed of Trust).

When Plaintiff defaulted on the loan, foreclosure proceedings were initiated, and in June 2010, a Notice of Trustee's Sale was recorded. *Id.*, ¶ 14, Ex. A.    The sale did not occur, however, and in February 2011, a new Notice of Trustee's Sale was recorded.   *Id.*, ¶ 19, Ex. B.   In September 2011, that sale process was discontinued. *Id.*, ¶ 27, Ex. C.

In April 2013, the loan servicer at the time (Bank of America) provided Plaintiff with a " Notice of Intent to Accelerate" the debt. *Id.*, Ex. D.

In April 2017, Plaintiff asserts that he requested a meeting with the beneficiary in response to a statutory pre-foreclosure notice. *Id.*, ¶ 36.

In April 2019, another Notice of Trustee's Sale was recorded, scheduling a sale for August 23, 2019. *Id.*, Ex. E.

## II.   ARGUMENT

A.  Standard for Temporary Restraining Order.

As a prerequisite to entry of a temporary restraining order ("TRO"), a

RESPONSE TO MOTION FOR
INJUNCTION - Page 2

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

1   plaintiff must show that he or she has a clear legal or equitable right, that he or she

2   has a well-grounded fear of immediate invasion of that right, and that the acts

3   complained of are either resulting in or will result in actual and substantial injury.

4   *See Kucera v. State Dep't of Transportation,* 140 Wn.2d 200, 995 P.2d 63 (2000);

5   *see also Nielson v. King Cnty.*, 72 Wn.2d 720, 435 P.2d 664 (1967). The purpose

6   of a TRO is to preserve the status quo until otherwise ordered. *See Blanchard v.*

7

8   *Golden Age Brewing Co.,* 188 Wn. 396 (1936).

9       In order to determine whether an applicant has a clear or equitable right, the

10   Court will analyze the applicant's likelihood of prevailing on the merits. *See Tyler*

11   *Pipe Industries, Inc. v. State Dep't. of Revenue*, 96 Wn.2d 785, 638 P.2d 1213

12   (1982).

13

14       B.   There is No Statute of Limitations Violation.

15       Under Washington law, the statute of limitations on enforcement of an

16   installment contract such as a promissory note or deed of trust is six years.

17   *Edmundson v. Bank of Am., N.A.*, 194 Wn. App. 920, 927, 378 P.3d 273 (2016);

18   *Bingham v. Lechner*, 111 Wn. App. 118, 126, 45 P.3d 462 (2002); *see also* RCW

19   4.16.040(1). In Washington, the statute of limitations on installment contracts does

20   not begin to run from the date of a missed payment, but from the date of

21   acceleration:

22

23

24

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

In *Herzog v. Herzog*, our Supreme Court addressed when the six-year statute of limitations on a written agreement accrues. 23 Wn.2d 382, 387-88, 161 P.2d 142 (1945). In doing so, it distinguished a demand note from an installment note. 23 Wn.2d at 387-88. The statute of limitations accrues on a demand note when it is executed. By contrast, when recovery is sought on an installment note, "the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." 23 Wn.2d at 388; *accord* 25 DAVID K. DEWOLF, KELLER W. ALLEN, & DARLENE BARRIER CARUSO, WASHINGTON PRACTICE: CONTRACT LAW & PRACTICE § 16:21, at 511 (3rd ed. 2014) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").

But if an obligation that is to be paid in installments is accelerated, the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due. 31 RICHARD A. LORD, WILLISTON ON CONTRACTS § 79:17, at 338; § 79:18, at 347-50; *accord* 12 AM.JUR.2D, BILLS & NOTES § 581. The statute of limitations commences upon maturity of a note. *A.A.C. Corp. v. Reed*, 73 Wn.2d 612, 615, 440 P.2d 465 (1968).

To accelerate the maturity date of a promissory note, "'[s]ome affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due.'" *Glassmaker*, 23 Wn. App. at 37 (emphasis omitted) (quoting *Weinberg v. Naher*, 51 Wash. 591, 594, 99 P. 736 (1909)). **"[M]ere default alone will not accelerate the note."** *A.A.C. Corp.*, 73 Wn.2d at 615. **"[A]cceleration [of the maturity of the debt] must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date."** *Glassmaker*, 23 Wn. App. at 38.

*4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 435 (2016) (CAP 1 2016). [Emphasis added] The case holds specifically that the statute of limitations on an accelerated sum under an installment contract does not start to run until either the remaining balance is accelerated, or the note is matured.

A lender must act to effectuate acceleration—a borrower's default by itself

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

is not sufficient. *Heintz v. U.S. Bank Trust, N.A. et al.*, 2 Wn.App.2d 1007 (Jan. 16, 2018) (unpublished), *citing 4518 S. 256th, LLC, Id.*. As Division Three held in *Glassmaker v. Ricard*, "acceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." 23 Wn. App. 35, 38, 593 P.2d 179 (1979).

Asserting a debt "will be accelerated" is fundamentally different than "has been accelerated" in the past tense, or "is now accelerated" in the present tense. *Accord* Black's Law Dictionary (10th ed. 2014) (the plain meaning of "acceleration" is "[t]he advancing of a loan agreement's maturity date so that payment of the entire debt is *due immediately*….") (Emphasis added). Division Two recently analyzed the question of acceleration in *Deutsche Bank Nat'l Trust Co. v. Beck*, finding that an intended future action was insufficient to constitute an affirmative acceleration. Slip Opin. No. 51425-7-II (Jul. 11, 2019) (unpublished), *citing Merceri v. Bank of New York Mellon*, 4 Wn.App.2d 755, *review denied*, 192 Wn.2d 1008 (2018). Likewise in this case, Bank of America's "Notice of Intent to Accelerate" was not an acceleration by itself. Compl., Ex. D.

Moreover, Plaintiff's reference to the sale notices as support for his argument is unavailing; the notice of trustee's sale does not accelerate the loan because it provided the borrower an unequivocal opportunity to reinstate the loan by paying delinquent sums. *U.S. Bank National Association as Trustee of Holders*

**RESPONSE TO MOTION FOR INJUNCTION** - Page 5

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

1  *of Adjustable Rate Mortgage Trust 2007-2 v. Ukpoma*, 8 Wash.App.2d 254, 259

2  (Wash.App. Div. 3, 2019). Further, in the context of a Washington nonjudicial

3  foreclosure, a borrower can *always* reinstate the debt obligation up to 11 days prior

4

5  to a trustee's sale under the Washington Deed of Trust Act, but this statutory

6  remedy does not mean a *per se* acceleration has already occurred. *See* RCW

7  61.24.090(1). Indeed, as the State Supreme Court observed in *Rustad Heating &*

8  *Plumbing Co. v. Waldt*:

9

10  > An examination of the legislation creating the statutory deed of trust
> provided for in RCW 61.24 reveals the act created a security instrument
> allowing for quicker realization of the security interest. In exchange, *the*
> *remedies available in conventional mortgages allowing acceleration of*
> *the entire debt and deficiency judgments were taken away.*

11

12

13  91 Wn.2d 372, 375, 588 P.2d 1153 (1979) (emphasis added).

14  There is simply no evidence suggesting an unequivocal acceleration of Plaintiff's

15  loan. To the contrary, the most recent Notice of Trustee's Sale confirms that the

16  amount necessary to reinstate is *not* the total debt. *See* Compl., Ex. E (Notice of

17  Foreclosure explaining reinstatement and payoff amounts, which would be equal

18  for an accelerated debt).[1] Here, there is no evidence that the loan was accelerated

19

20  in 2011 or at any time prior to 2019. Thus, Plaintiff has no likelihood of prevailing

21  on this issue, which forms the predicate of Plaintiff's claims, and so his motion

22  should be denied.

23

24  [1] The arrearage on Plaintiff's loan equates to over $484,000 while the total debt has now grown to over $800,000. *Id.*

**RESPONSE TO MOTION FOR**
**INJUNCTION** - Page 6

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

1
2

C. Plaintiff Hasn't Carried Its Burden of Showing that the Beneficiary Failed to Respond to a Timely Request to Meet and Confer.

3
4
5
6
7
8
9
10
11
12

Plaintiff's motion attaches a letter from its attorney, asserting that it was a timely request for a meet-and-confer pursuant to statute, following receipt of a letter from Shellpoint dated March 8, 2017. The motion relies upon a letter allegedly sent by Plaintiff's attorney via certified, dated April 6, 2017, and which was attached as Exhibit F to Plaintiff's complaint. However, the motion does not contain a copy of the purported solicitation letter. Moreover, the motion does not establish that Shellpoint received the Plaintiff's letter by end of business on April 10, 2017, which would have triggered Shellpoint's duty[2].

13
14
15
16

Here, the record before the Court does not establish that Plaintiff timely sent a request for a meet and confer that would have triggered a duty by Shellpoint to postpone issuing the Notice of Default. Accordingly, the Court should not find that Plaintiff is likely to succeed on the merits.

17
18

E. The of Equities and Public Interest Support Allowing the Sale to Proceed.

19
20
21

The balance of the equities does not support an injunction on the basis of the bank's purported delay in foreclosing. Over all, public policy supports the ability of lenders to enforce debts, and mere assertion of a delay in enforcing the

22
23
24

[2] RCW 61.24.031(1)(d) provides that "initial contact" is deemed to be made three days after the date of the notice required in subsection (b) is sent, and subsection (c) gives the borrower thirty (30) days to respond.

**RESPONSE TO MOTION FOR INJUNCTION** - Page 7

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

obligation does not tip the scales in favor of an injunction. As the Western District

of Washington held in denying a borrower's request of an order restraining a sale:

> He has not paid on his note since 2009. He raises, for the second time, a series of dubious technical defenses to the foreclosure, claiming that although he has not repaid the loan he promised to repay, some unilateral failure on the Defendants' part should discharge him from that obligation. He does not directly address this element in his Motion, but appears to contend that what he claims is a 940 day delay in the foreclosure proceedings (time when he lived in the home without repaying the loan) is an equitable factor in his favor. It is not.

> The final factor is the public interest. While it is true that the public has an interest in ensuring that foreclosures are done properly, Hanson has made no showing whatsoever that any impropriety occurred in this case. On the other hand, it is abundantly clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting home values and banks throughout the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

*Hanson v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 7749161, at

*2 (W.D.Wash., 2012).

This Court should adopt the reasoning of its sister court in *Hanson* and

deny the injunction. Here, the factors to weigh include an admittedly valid loan; an

admitted default under the loan; a prolonged period where Plaintiff has retained

possession and occupancy of the secured home without payment; and no evidence

of acceleration that would suggest that enforcement of the loan would be time

barred.

**RESPONSE TO MOTION FOR**
**INJUNCTION** - Page 8

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

F. This Court Should Condition Any Injunction upon Payments into the Court Registry and a Bond.

If this Court grants an injunction, state law mandates that the Court *shall* condition it upon the applicant paying the principal, interest, and reserve amounts otherwise due on the obligation secured by the Deed of Trust to the Court. *See* RCW 61.24.130(1)(a).

Here, the current monthly payments equivalent to the principal and interest that would otherwise be due under the Note and Deed of Trust are $3,882.95. *See* Compl., Ex. E, ¶ III (delinquent payment information detailing monthly payments owed since default). Such sum would need to be paid upon entry of a TRO and every 30 days thereafter pursuant to RCW 61.24.130.

Additionally, CR 65 suggests the giving of a financial security upon issuance of a TRO. The security required "as the price... for injunctive relief" stems from the courts' reluctance to grant restraining orders, and to provide "indemnity for defendants if a restraint was wrongfully procured...." *Swiss Baco Skyline Logging Co. v. Haliewicz*, 14 Wn. App. 343, 541 P.2d 1014 (1975); *see also Knappett v. Locke*, 92 Wn.2d 643, 600 P.2d 1257 (1979). Washington case law limits a wrongfully restrained party to damages capped at the "amount of the bond plus interest from the date the action is brought." *Jensen v. Torr*, 44 Wn. App. 207, 721 P.2d 992, *review denied*, 107 Wn.2d 1004 (1986); *see also Fisher v.*

RESPONSE TO MOTION FOR
INJUNCTION - Page 9

Wright, Finlay, & Zak, LLP
612 S. Lucile St., Suite 300
Seattle, WA 98108
PH: (415) 230-4350 / FAX: (949) 608-9142

*Parkview Properties*, 71 Wn. App. 468 (1993) ("the majority rule... limits recovery to the amount of the bond, absent a showing that the complainant obtained the temporary restraining order or preliminary injunction maliciously or in bad faith.").

Defendants will incur significant legal fees in defending Plaintiff's various claims. Thus, if a TRO is entered, Plaintiff should also be required to post a bond in an amount no less than $15,000, as security to Defendants in the event restraint is later determined to have been wrongful.

## III. CONCLUSION

Plaintiff cannot show the invasion of a legal or equitable right by establishing a likelihood of prevailing on the merits with respect to his contention that the statute of limitations expired on his longstanding debt.

At a minimum, though, entry of an injunctionwould necessitate payments into the Court Registry equivalent to the current monthly obligation, and Defendants request that Plaintiff also pay a bond to indemnify them in the event they ultimately prevail in the action.

Dated: November 11, 2019

**WRIGHT, FINLAY & ZAK, LLP**

*/s/Joseph T. McCormick III*
Joseph T. McCormick III, WSBA #48883
Attorneys for Shellpoint and BONY Trust

**RESPONSE TO MOTION FOR INJUNCTION** - Page 10

1

## CERTIFICATE OF SERVICE

2

3      I, Karina Khamidullina, declare under penalty of perjury under the laws of
the State of Washington that the following is true and correct: I am employed with

4      the law firm of Wright, Finlay and Zak, LLP, I am a resident of the State of
Washington, over the age of 18 years old, not a party to this action, and am

5      competent to be a witness herein.

6      I hereby certify that on the date stated below, I served the Answer and
Affirmative Defenses upon the following:

7

8      [X] (BY ELECTRONIC SERVICE) Pursuant to CM/ECF System, registration
as a CM/ECF user constitutes consent to electronic service through the

9      Court's transmission facilities. The Court's CM/ECF systems sends an e-
mail notification of the filing to the parties and counsel of record listed

10     above who are registered with the Court's EC/ECF system.

11

12     Nathan J. Arnold: nathan@caoteam.com
Emanuel Jacobowitz: manny@caoteam.com

13     Cloutier, Arnold, Ortega, PLLC
*Attorneys for Plaintiff*

14

15     Michael S. DeLeo: mdeleo@prklaw.com
Peterson Russell Kelly, PLLC

16     *Attorneys for Defendant MTC Financial Inc. d/b/a Trustee Corps*

17     [X] (FEDERAL) I declare that I am employed in the office of a member of the
bar of this court at whose direction the service was made.

18

19     I declare under penalty of perjury of the laws of the United States that the
foregoing is true and correct. Executed on November 11, 2019, at Seattle, WA.

20

21

                              */s/Karina Khamidullina*
22                             Karina Khamidullina

23

24

**RESPONSE TO MOTION FOR**                          Wright, Finlay, & Zak, LLP
**INJUNCTION** - Page 11                            612 S. Lucile St., Suite 300
                                                    Seattle, WA 98108
                                    PH: (415) 230-4350 / FAX: (949) 608-9142