Emanuel Jacobowitz, WSBA No. 39991
Nathan J. Arnold, WSBA No. 45356
Cloutier Arnold Jacobowitz, PLLC
2701 First Ave., Ste. 200
Seattle, WA 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 769-3759
Nathan@CAJLawyers.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| KENNETH R. EVANS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICES aka NEWREZ, LLC, a Delaware corporation; MTC FINANCIAL, dba TRUSTEE CORPS, a California Corporation; and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-21.<br><br>Defendants. | **Case No. 2:19-cv-00288-TOR**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION OF TRUSTEE'S SALE**<br><br>**12/6/2019**<br><br>**With Oral Argument: 9:00 a.m.** |

## I. <u>REPLY</u>

Defendants fail to confront the fact that their Notice of Trustee Sale does more than merely state the reinstatement amount, it also affirmatively tells the homeowner

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 1

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

that if he does not reinstate by a date certain, "you will only be able to stop the sale by paying, before the sale, the total principal balance…plus accrued interest, cost and advances if any, and by curing the other defaults described above." The Trustee's intent in 2011 to require payment of the whole debt could not have been plainer, and Defendants' argument now amounts to a demand to have their cake and eat it too: to demand complete payment in 2011 but pretend not to have triggered the statute of limitations.

Defendants further ignore that, even if Plaintiff's clear repudiation of the loan did not trigger the statute of limitations on the entire debt (which it did), at least certain installment payments are time barred, contrary to Defendants' Notices of Default and of Trustee's Sale. The sale cannot go forward as scheduled where the Notices are defective and do not accurately inform the alleged debtor of the cure amount.

Defendants also fail to address Plaintiff's laches and waiver argument, apparently conceding the point.

Lastly, Defendants state no basis for exceeding the statutory bond.

## II. REPLY STATEMENT OF FACTS

Part of the copy of the 2011 Notice of Sale presented to the Court were inadvertently omitted. The omitted portion is well known to Defendants from their own records and from the statute, and the most relevant language is identical to that

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 2

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

in the 2019 Notice of Sale quoted in Defendants' brief, and Defendants do not rely upon the omission. Nevertheless, to keep the record clear, a full copy of the 2011 Notice is presented. Declaration of Emanuel Jacobowitz ¶ 2 & Exh. A, filed herewith.

Exhibit F to the Verified Complaint is a true and correct copy of the request for mediation under the Foreclosure Fairness Act sent by Plaintiff's counsel to the loan servicer, Defendant Shellpoint Mortgage Services, Inc. by certified mail on April 6, 2017 and by fax on April 7, 2017, within 30 days of Shellpoint's letter, as directed by Shellpoint. *Id.* ¶¶ 3–4 & Exhs. B, C. Counsel tried to reach Shellpoint by telephone on that day too, but was put on hold for more than an hour and finally had to leave. *Id.* ¶ 5.

When the parties stipulated to a dismissal of claims in 2014, Defendants' alleged predecessors in interest did not accept and expressly waived any right to several months' worth of payments, made into the registry of the Court by Mr. Evans, in the amount of the mortgage premiums. *Id.* ¶ 6 & Exh. D.

### III. ARGUMENT

*A. The Notice of Trustee's Sale Accelerated the Debt.*

Defendants fail to refute the fact that the Notice of Trustee's Sale was at least highly inaccurate. At minimum, all installments and charges allegedly more than six

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 3

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

years overdue are barred by the statute of limitations, rendering the 2019 Notice greatly inflated and defective. The statute requires Defendants to state the reinstatement amount accurately on the notice. RCW 61.24.040(1)(f). A correct notice would have to be issued, with due time to cure, before any sale could take place.

Reissuance would not solve the deeper problem, which is that the entire rest of the debt is time-barred too. Defendants ask the Court to break new ground by ruling that a Notice of Trustee's Sale—the "final step"[1] in Washington's non-judicial foreclosure process—is merely preliminary and equivocal in its intent to foreclose for the entire balance owed. Defendants erroneously rely upon case law involving notices of default, which under Washington law are nothing more than warnings that the lender asserts the right to foreclose and accelerate sometime in the indefinite future.

The Washington Deed of Trust Act, RCW ch. 61.24 (2009) required the lender (or successor noteholder; herein for convenience, "lender") to follow a certain procedure for non-judicial foreclosure.[2] First, the lender had to send a preliminary notice, called a Notice of Default, which warns the borrower that in thirty days, the lender may (but need not) begin non-judicial foreclosure. RCW 61.24.030 (2008).[3] That notice expressly states that it is merely "the first step" in a process that "may"

---

[1] RCW 61.24.040(3) (2012)
[2] The 2009 version of the statute was the one in effect when the 2011 Notice of Sale was served. Subsequent amendments to the statute give residential borrowers even more protection.
[3] The Notice of Default was served on Mr. Evans in late 2008.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 4

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

result in the loss of the borrower's home. RCW 61.24.030(7)(g) (2008). If the borrower does not act within thirty days, then, and only then, may the lender instruct the trustee of the Deed of Trust to initiate foreclosure. *Id.* After the lender sends that instruction, the trustee—not the lender—begins the foreclosure process with a Notice of Trustee's Sale. RCW 61.24.040 (2009).

Importantly, the lender **cannot** effectively accelerate the debt in or with the notice of default, because it lacks the power to begin the non-judicial foreclosure process. The lender does not hold the deed of trust and cannot foreclose on it; that is the trustee's role, as the lender's agent with an independent statutory duty to administer the trust in accordance with the law. RCW 61.24.020. When a lender uses the convenient non-judicial process, just as it waives its right to a deficiency judgment, it turns over to the trustee the power to accelerate the debt. *Rustad Heating & Plumbing Co. v. Waldt*, 91 Wn.2d 372, 375, 588 P.2d 1153 (1979).

Thus, in a non-judicial foreclosure under the Deed of Trust Act, any statement by the lender to the effect that the entire balance "shall immediately become due and payable," as in *Deutche Bank Nat'l Tr. Co. as Tr. for Saxon Asset Sec. Tr. 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2 v. Beck*, 51425-7-II, 2019 WL 3063602, at *1 (Wash. Ct. App. July 11, 2019) (cited by Defendants, ECF No. 10 at 5), or that "the mortgage payments will be accelerated with the full amount

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 5

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time," as in *Merceri v. Bank of New York Mellon*, 434 P.3d 84, 86 (Wash. Ct. App. 2018) (cited by Defendants, ECF No. 10 at 5), are mere threats to foreclose. Such statements show that the lender intends foreclosure to include acceleration of the debt, but they do not, without more, start foreclosure or accelerate. *Merceri*, 434 P.3d at 86.

Unlike a Notice of Default, which, as in this case, can be delivered years before starting foreclosure, the Notice of Trustee's Sale starts a countdown to sale. The notice must set a specific sale date. RCW 61.24.040 (2009). And it must provide that unless the delinquency is cured by exactly eleven days before that sale date, no more, no less, "[t]he above-described real property will be sold to satisfy the expense of sale and **the obligation secured** by the Deed of Trust." RCW 61.24.040(1)(f) (2009) (emphasis added); Jacobowitz Dec. Exh. A. In case that phrasing could leave any doubt of the intent to collect the entire obligation, the notice further informs the borrower that, after the eleventh day before sale, "you will only be able to stop the sale by paying, before the sale, the total principal balance ($ . . . . . .) plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above." RCW 61.24.040(2) (2009); Jacobowitz Dec. Exh. A.

In short, the trustee, acting for the lender, calls the **entire** debt as of a date certain,

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 6

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

and that call—unlike the indefinite and ineffectual threat to accelerate in a Notice of Default—is effective. When the lender sends a Notice of Default, the lender cannot even set a conditional date certain for acceleration, because it cannot precisely control the trustee's schedule, and it cannot override the trustee's statutory duty to confirm the lender's authority to order foreclosure. The trustee, however, has the power to accelerate in the Notice of Trustee's Sale and not only may but must specify exactly when acceleration will take effect. Unlike the threat in the Notice of Default, nothing more is needed to accelerate the debt. Acceleration could be prevented by the lender's affirmative intervention, but if that does not happen—and there is no evidence that it happened in this case—the debt is accelerated, without anybody needing to take any further steps.

That difference, between a fully effective notice accelerating the debt on a date certain absent intervention, and a notice indefinitely threatening foreclosure if the lender chooses to take more steps and if the trustee confirms the lender's authority, distinguishes the instant case from the cases cited by Defendants.[4] When the lender

---

[4] Contrary to Defendants' description, the Court of Appeals in *U.S. Bank Nat'l Ass'n as Tr. of Holders of Adjustable Rate Mortgage Tr. 2007-2 v. Ukpoma*, 438 P.3d 141, 144 (Wash. Ct. App. 2019) did not decide whether a notice of trustee's sale had accelerated the debt, only whether it raised an issue of fact as to whether the notice of default had been intended to accelerate the debt: "[t]he question before us is whether to construe the February 2008 notice as a clear and unequivocal acceleration of the installment note. We decline to do so."

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 7

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

seves a notice of default, it cannot accelerate and does not intend to. When it instructs the trustee to serve the notice of sale, the lender unequivocally intends to accelerate the debt.

Further distinguishing this case, is the Defendants' predecessors' decision not to accept installment payments when the prior case was dismissed in 2014. The Washington Court of Appeals, in *Merceri v. Bank of New York Mellon*, 434 P.3d 84, 88 (Wash. Ct. App. 2018), cited by Defendants, was careful to distinguish the facts in that case from those in *Jacobson v. McClanahan*, 43 Wash.2d 751, 264 P.2d 253 (1953), where, as the *Merceri* panel put it, the "lender accelerated payments due on the loan by giving notice of default and refusing to accept subsequent installment payments." This case is more like *Jacobson* than *Merceri*.

*B. Laches Bars Foreclosure.*

Defendants fail to counter Mr. Evans' argument that laches bars foreclosure in this case or present any contrary evidence. The motion should be granted on that ground alone, independent of any other grounds.

*C. The Notice is Defective under the Foreclosure Fairness Act*

Defendants argue that the Notice of Trustee's Sale was not defective under the Foreclosure Fairness Act, because Shellpoint allegedly did not receive Mr. Evans' request for a meeting, which under RCW 61.24.031 must be satisfied before any

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 8

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

further step can be taken towards foreclosure, by April 10, 2017. But (a) Shellpoint did not tell Mr. Evans that his letter had to be received by April 10, 2017, it told him to "respond" within 30 days, preferably by certified mail, and he complied by mailing his response, certified, within 30 days of its March 8, 2017 letter; and (b) Mr. Evans, through counsel, also faxed a copy to Shellpoint on April 7, 2017. Jacobowitz Dec. ¶ 5. Counsel tried to reach Shellpoint by telephone that day too, but could not get through its so-called customer service menu. *Id.* ¶ 6. Shellpoint cannot reasonably claim to have complied with the Foreclosure Fairness Act where it effectively blocked a timely call requesting a meeting.[5]

*D. Under Statute, Bond should be Set at the Monthly Mortgage Premium*

Defendants ask the Court to tack another $15,000 onto the bond amount set by the statute. Defendants fail to state any reason for the Court to depart from the statute, and the Court should not do so. The statute limits the bond amount to the monthly claimed mortgage premium precisely to protect homeowners from overreaching of this sort, so that meritorious claims against foreclosure may be heard.

### IV. <u>CONCLUSION</u>

Because the limitations period has run, and for the other reasons set forth above

---

[5] Indeed, directing homeowners to call a system ostensibly set up to comply with the Act but which does not actually allow them to request a meeting, likely violates not only the Foreclosure Fairness Act but also the Washington Consumer Protection Act. RCW 61.24.135(2)(c).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 9

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

and in Plaintiff's opening brief, the Court should enjoin the sale of Mr. Evans' home at least until the parties' rights can be fully adjudicated, to avoid irreparable harm.

**DATED** this 18th day of November 2019.

**CLOUTIER ARNOLD JACOBOWITZ, PLLC**

  /s/ Emanuel Jacobowitz
Nathan J. Arnold WSBA No. 45356
Emanuel Jacobowitz, WSBA No. 39991
Cloutier Arnold Jacobowitz, PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 866-3230; Fax (206) 866-3234
Manny@CAJLawyers.com
*Counsel for Plaintiff*

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 10

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF, including the following:

Joseph T McCormick, III
jmccormick@wrightlegal.net

Michael DeLeo
mdeleo@prklaw.com

EXECUTED this 18th day of November 2019 at Seattle, Washington.

    /s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION
OF TRUSTEE'S SALE- 11

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Ave., Ste. 200
Seattle, Washington 98121
113 East Woodin Ave., Ste. 200
Chelan, WA 98816
(206) 866-3230